UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAMAL AL-ZAHARNAH,

      Plaintiff,

v.                                                                                       Case No: 8:15-cv-337-T-JSS

INNOVATIVE LOAN SERVICING
COMPANY,

      Defendant.

_____/

**ORDER ON MOTION TO COMPEL SITE
INSPECTION AND MOTION FOR PROTECTIVE ORDER**

      THIS MATTER is before the Court on Plaintiff's Motion to Compel Site Inspection (Dkt. 28) and Defendant's Response in Opposition and Motion for Protective Order (Dkt. 34).  Upon consideration, the Motion to Compel Site Inspection is denied, and the Motion for Protective Order is granted for the reasons stated below.

**BACKGROUND**

      On February 17, 2015, Plaintiff, Gamal Al- Zaharnah, filed a Complaint against Defendant, Innovate Loan Servicing Corp., alleging that Defendant used an automatic telephone dialing system ("ATDS") to call Plaintiff's cell phone repeatedly, without Plaintiff's consent and against Plaintiff's directives.  (Dkt. 1.)  As a result, Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, which prohibits any person from making "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service."  47 U.S.C. § 227(b)(1)(A)(iii).

On May 1, 2015, Plaintiff served Defendant with a Notice of Intent to Inspect Defendant's Property and Request for a Time and Date Certain to Facilitate the Inspection and Photographing of Things and Real Property Related to Defendant's Call Center ("Notice of Site Inspection").  The Notice of Site Inspection requested that

> Defendant permit Plaintiff to enter Defendant's Call Center and to inspect and to photograph, examine Defendant's telephone system and any telephone related software used by Defendant in any way for the purpose of making phone calls to consumers, including the named Plaintiff in the 48 months preceding the institution of this action.

In response to Plaintiff's Notice of Inspection, Defendant objected to Plaintiff's request as overly broad, vague, and overly burdensome.  After attempting to resolve this issue, Plaintiff filed a Motion to Compel Site Inspection on September 1, 2015.  (Dkt. 28.)  In the motion, Plaintiff contends that "the particularities of Defendant's telephone system used in the making of the calls is the primary, if not sole-source or element remaining in the dispute in the instant case."  As such, Plaintiff claims that entry into Defendant's call center for an inspection of the equipment used by Defendant or its agents to make or assist in making calls to consumers is relevant and necessary to establishing Plaintiff's case and to challenging the veracity of Defendant's defense that it did not use an ATDS in violation of the TCPA.  (Dkt. 7, 38.)

On September 18, 2015, Defendant filed its Response in Opposition to Plaintiff's Motion to Compel Site Inspection and Motion for Protective Order (Dkt. 34), in which Defendant asserts that the requested discovery is overly broad, vague, and unduly burdensome.  Specifically, Defendant contends that the request seeks private information related to third parties and seeks information that can be obtained through other methods of discovery, and the request, if allowed, would unnecessarily disrupt Defendant's small business by forcing Defendant to shut down all

calls while the inspection took place to protect the confidential and personal information of its customers.

## APPLICABLE STANDARDS

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1).  Specifically, Federal Rule of Civil Procedure 34 provides that a party may serve on any other party a request to permit entry onto designated land or other property possessed or controlled by the responding party so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.  Fed. R. Civ. P. 34(a)(2).  Nonetheless, the court must limit the extent of discovery otherwise allowed if it determines that the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive or if the court determines that the burden or expense of proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of discovery in resolving the issues.  Fed. R. Civ. P. 26(b)(2)(C).

Further, the court may, for good cause shown, issue an order to protect a party or person from annoyance, oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c)(1).  Such an order may forbid inquiry into certain matters or limit the scope of disclosure or discovery to certain matters.  Fed. R. Civ. P. 26(c)(1)(D).  The party seeking a protective order bears the burden of showing the necessity of the protective order, and this burden requires a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."  *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).  When determining good cause, courts may balance the

interests of the parties and consider the likelihood and severity of the perceived harm.   *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987).

## ANALYSIS

Plaintiff contends that a site inspection of Defendant's call center to examine the equipment used by Defendant in making calls to consumers is necessary for Plaintiff to meet his burden of establishing that Defendant used an ATDS to call Plaintiff's cell phone and to refute Defendant's defense that it did not use an ATDS.   However, the Court finds that the burden of the requested discovery outweighs its likely benefit.   Specifically, Plaintiff is able to obtain the information he seeks through other methods of discovery, such as requests for production, interrogatories, and requests for admissions.   Indeed, Plaintiff has served such requests on Defendant, and Defendant indicates that it has produced documents and responses relevant to those requests, including information regarding Defendant's telephone software and hardware.   Additionally, a deposition of Defendant's corporate representative is scheduled for October 22, 2015.

The burden imposed on Defendant by Plaintiff's request outweighs its benefit, as Defendant would be required to close its operations and potentially disclose private, confidential information relating to its other customers.   Further, as stated above, this finding does not foreclose Plaintiff from obtaining the information he seeks to prove and defend his case.   Rather, Plaintiff is

entitled to obtain such information by other means that are more convenient, less burdensome, and

less expensive than the site inspection of Defendant's call center.  Accordingly, it is

**ORDERED**:

1.  Plaintiff's Motion to Compel Site Inspection (Dkt. 28) is **DENIED**.

2.  Defendant's Motion for Protective Order (Dkt. 34) is **GRANTED**.

**DONE** and **ORDERED** in Tampa, Florida on October 7, 2015.

_____

JULIE S. SNEED

UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record