UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GAMAL AL-ZAHARNAH,

    Plaintiff,

v.                                                  Case No: 8:15-cv-337-T-JSS

INNOVATIVE LOAN SERVICING
COMPANY,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO STAY

THIS MATTER is before the Court on Defendant's Motion to Stay Case Pending Decision on Motion for Judgment on the Pleadings. (Dkt. 41.) Defendant moves the Court to stay this action, including all deadlines and pending discovery, pending a ruling by the Court on Defendant's Motion for Judgment on the Pleadings, which seeks to dismiss Plaintiff's claims for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, on the basis that the TCPA violates the First Amendment to the United States Constitution by imposing a content-based restriction on commercial free speech. (Dkt. 39.) In support of its Motion to Stay, Defendant argues that its pending Motion for Judgment on the Pleadings challenges the constitutionality of the TCPA and, if granted, would dispose of the case in its entirety, preventing the unnecessary expenditure of costs and promoting judicial economy. (Dkt. 41.) In response, Plaintiff asserts that a stay is unwarranted based on the particulars of this case, as Defendant's constitutional challenge is questionable and inapplicable to the facts of this case and a stay would unnecessarily delay proceedings. (Dkt. 46.)

Courts maintain great discretion to regulate discovery. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). In exercising this discretion, Federal Rule of Civil Procedure 26(c) permits a court to stay discovery if the movant demonstrates good cause and reasonableness. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). However, motions to stay discovery are not favored because delays in discovery "can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citation omitted); *see also* Middle District Discovery (2015) at 5–6 (stating that motions for stay are rarely granted unless unusual circumstances justify such a result based on a "specific showing of prejudice or undue burden").

Facial challenges to the legal sufficiency of a complaint raised in a dispositive motion should be resolved before discovery begins. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). Nonetheless, this does not establish a general rule that all discovery in every case should be stayed while a dispositive motion is pending. *In re Winn Dixie Stores, Inc. ERISA Litig.*, No. 3:04-cv-194-J-33MCR, 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007). Rather, courts are urged to promptly rule on likely meritorious motions—and thereby dispose of dubious claims—to prevent undue discovery costs from becoming excessive. *Id.*

Accordingly, in deciding whether to stay discovery pending the resolution of a dispositive motion, the court must take a "preliminary peek" at the motion to determine whether it appears clearly meritorious and case-dispositive. *McCabe*, 233 F.R.D. at 685 (citing *Feldman*, 176 F.R.D. at 652–53). The court must then balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *Id.*

Having taken a preliminary peek at Defendant's Motion for Judgment on the Pleadings, the Court is not convinced that there is an "immediate and clear possibility" that the motion will be granted given the novel issues raised by the motion and the facts presented in this case. Although the Court recognizes the interest in avoiding potentially unnecessary and costly discovery, this case does not present an appropriate opportunity to do so. Defendant is unable to meet its burden of showing good cause, as it fails to show any specific prejudice or undue burden that would result from allowing discovery. Upon consideration, it is

**ORDERED** that Defendant's Motion to Stay Case Pending Decision on Motion for Judgment on the Pleadings (Dkt. 41) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 29, 2015.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record